LeRoy J. Watkins, Jr., Esq. (Bar ID # 015582006)
Cody C. Hubbs, Esq. (Bar ID #339942020)
JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ  07922
(908)795-5200
ATTORNEYS FOR DEFENDANT

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSEPH SANTIAGO,<br><br>        Plaintiff,<br><br>v.<br><br>ASBURY GRAPHITE MILLS, INC.,<br><br>        Defendant. | Civil Action No.<br><br>**NOTICE AND PETITION FOR REMOVAL OF CASE FROM THE SUPERIOR COURT OF NEW JERSEY, LAW DIVISION, WARREN COUNTY** |

TO:    Law Offices of Eric A. Shore
          Valerie C. Shore, Esq.
          20 Brace Road, Suite 325
          Cherry Hill, N.J. 08034
          Attorneys for Plaintiff

Pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, Defendant Asbury Graphite Mills, Inc. ("Asbury Graphite" or "Defendant") respectfully submits this Notice and Petition for Removal of this case from the Superior Court of New Jersey, Law Division, Warren County, bearing Docket No. WRN-L-000081-22, and states as follows as grounds for removal:

1.    On April 13, 2020, Plaintiff Joseph Santiago filed a civil action against Asbury Graphite in the Superior Court of New Jersey, Law Division, Warren County, captioned as <u>Joseph Santiago v. Asbury Graphite Mills, Inc.</u>, Docket No. WRN-L-000081-22.

2. Asbury Graphite was served with a copy of the summons and complaint on or about April 18, 2022. A true and correct copy of the Complaint in that action is attached hereto as Exhibit A.

3. This action arises out of Plaintiff's claims in his Complaint of: (1) alleged violations of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1, *et seq.*; (2) alleged violations of the federal Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601, *et seq.*

4. The Summons and Complaint constitute all pleadings, process and other documents provided to Defendant in this action. The Complaint was the initial pleading received by Defendant setting forth the claims upon which Plaintiff's action is based.

5. This Notice of Removal is timely filed under 28 U.S.C. § 1446, as Defendant has effected removal within thirty (30) days of service/receipt of a paper from which it first could be ascertained that this action is removable.

6. Defendant has not filed an answer or other pleading in the Superior Court of New Jersey, or made any appearance in the Superior Court of New Jersey.

7. This action is removable to this Court based on its federal question jurisdiction, pursuant to 28 U.S.C. §1331.

8. In the Complaint, Plaintiff specifically alleges claims under the federal FMLA, 29 U.S.C. §2601, *et seq.*, including retaliation and interference in violation of the FMLA.

9. Accordingly, the Complaint establishes that this action is removable to this Court pursuant to 28 U.S.C. §§1331, 1441, and 1446.

10. This Court has supplemental jurisdiction over Plaintiff's claims under the NJLAD pursuant to 28 U.S.C. §§ 1367 and 1441(c).

11. Venue is proper in this Court.

12. Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, including Plaintiff's failure to state any claims upon which relief may be granted.

13. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon all parties and filed with the Clerk of the Superior Court of New Jersey, Law Division, Warren County.

14. By copy of this Notice of Removal and in accordance with the Certificate of Service, Defendant is providing notice to all parties in this action of the filing of this Notice pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendant respectfully requests the within action, now pending in the Superior Court of New Jersey, Law Division, Warren County, be removed to the United States District Court for the District of New Jersey.

Respectfully submitted,

JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, New Jersey 07922
(908) 795-5200

By: _s/   LeRoy J. Watkins, Jr._
      LeRoy J. Watkins, Jr.
      Cody C. Hubbs
      Attorneys for Defendants

Dated: May 13, 2022

4859-5777-9999, v. 1

# EXHIBIT A

LAW OFFICES OF ERIC A. SHORE
Valerie C. Shore, Esq.
Attorney ID: 208522016
20 Brace Road, Suite 325
Cherry Hill, NJ 08034
T (856) 433-6172
ValerieS@EricShore.com
Attorneys for Plaintiff, Joseph Santiago

| | |
|---|---|
| JOSEPH SANTIAGO<br><br>Plaintiff,<br><br>vs.<br><br>ASBURY GRAPHITE MILLS, INC. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>WARREN COUNTY<br><br>Docket Number<br>_____<br><br>Civil Action<br><br>**COMPLAINT WITH JURY DEMAND** |

Plaintiff, Joseph Santiago, residing in Easton, PA, by way of Complaint against the Defendant, says:

### Preliminary Statement

This case is brought under New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1 et seq., for discrimination, retaliation, wrongful termination on the basis of disability and/or perceived disability, and failure to reasonably accommodate a disability; and under the Family and Medical Leave Act ("FMLA") for retaliation and for interference with a legally-protected medical leave.

### Identification of Parties

1. Plaintiff is a resident of Easton, Pennsylvania, and was employed by the Defendant at all times relevant hereto.

2. Plaintiff was, at all times relevant hereto, an eligible employee within the meaning of the FMLA and NJLAD; that is, he was an employee eligible for the protections of these laws.

3. Defendant Asbury Graphite Mills, Inc. (hereinafter "Defendant") is a corporation maintaining a principal place of business in New Jersey with a location at 405 Old Main Street, Asbury, NJ 08802 and was Plaintiff's employer, jointly and/or severally, within the meaning of the FMLA and NJLAD.

4. On information and belief, Defendant is a private employer who employs 50 or more employees, and is a covered employer within the meaning of the FMLA and NLAD; that is, Defendant was an employer subject to the provisions of these laws.

## Jurisdiction

5. Jurisdiction is properly laid in this Court in that Defendant is a corporation whose principal location is in Absury, NJ, and is therefore subject to personal jurisdiction in the State of New Jersey, County of Warren.

## General Allegations

6. Plaintiff, Joseph Santiago began working for Defendant on or about August 2013.

7. Plaintiff worked as a forklift operator, earning $24.45 hourly.

8. To the best of his knowledge, he had no record of discipline or any performance issues during his employment tenure.

9. In 2016, Plaintiff injured his shoulder, bicep, and back at work and the matter was resolved through a workers' compensation claim.

10. In 2016, Plaintiff injured his shoulder, bicep, and back at work and the matter was resolved through a workers' compensation claim.

11. In March 2020, Plaintiff re-injured himself at work and attempted to re-initiate or start anew the workers' compensation claim as the injury was to the same area.

12. Defendant's management was giving Plaintiff a difficult time in reopening his workers' compensation claim, so he had to seek help from Human Resources.

13. After consulting with Human Resources, Mr. Santiago began taking intermittent leave under the Family and Medical Leave Act (FMLA) to care for his work injury.

14. Immediately, and without explanation, Defendant switched Plaintiff's shift from the first shift to the third shift.

15. As opposed to his original shift, the timing of the third shift interfered with Plaintiff's ability to take his medication; but when he expressed this concern to Defendant, he was ignored.

16. On April 7, 2020, Plaintiff made a request to his Area Manager, Shaun; the Plant Manager, Jeremy Gatewood; and Mr. Gatewood's Assistant, Richard Soldos, to take a week off under his FMLA leave to care for his injury. He was given permission.

17. During his time off, Plaintiff attempted to communicate with Teresa Patrick from Human Resources, asking whether he would be moved back to first shift, including asking why he was moved to third shift in light of his FMLA rights. He did not receive any response.

18. On April 15, Plaintiff sent an email asking that he receive response by April 17 and stated his perception that he was being discriminated against.

19. During his week of leave, even though having received the approval, Plaintiff called Mr. Gatewood's office every day to advise of his FMLA-covered absences.

20. Despite Plaintiff's efforts, on April 17, he received a call from Mr. Gatewood (Plant Manager), Steve Pogar (Vice President), and Ms. Patrick (Human Resources) advising that he was terminated for failure to show up during that week. Plaintiff expressed that his absences were approved as FMLA leave and that he was calling every day to remind them that he was out. This was futile. Mr. Gatewood told Plaintiff that there was nothing more to talk about and hung up on him.

21. As a result of Defendant's actions, Mr. Santiago has sustained and continues to sustain damages, including economic and non-economic damages, such as loss of back pay, future pay, and attorneys' fees and costs. Additionally, the FMLA allows for liquidated damages in an additional equal amount.

## COUNT I

## NJLAD – DISCRIMINATION BASED ON DISABILITY

22. Plaintiff hereby repeats and re-alleges the preceding and succeeding paragraphs as though fully set forth herein.

23. Plaintiff was disabled and/or has a disability within the meaning of the NJLAD.

24. Plaintiff had been performing his job duties up to and exceeding the legitimate expectations of his employer and was able to perform the essential duties of his position with or without accommodation.

25. Immediately after Plaintiff became disabled, Defendant changed his schedule to a less favorable shift that conflicted with his disability, and refused to engage with him about it.

26. While Plaintiff was on approved medical leave to tend to his disability, Defendant terminated his employment because he was on leave.

27. Defendant's stated reason for terminating Plaintiff, for taking a medical leave of absence, was discriminatory on its face.

28. Defendant's decision to terminate Plaintiff was motivated by, or otherwise causally connected with, Plaintiff's disability.

29. Because the unlawful discrimination and termination was undertaken by members of upper management and was undertaken intentionally, egregiously, maliciously and with a willful or wanton disregard for the rights of the Plaintiff, punitive damages are appropriate.

WHEREFORE, Plaintiff demands judgment against the Defendant, Asbury Graphite Mills, Inc., together with compensatory damages, punitive damages, costs of suit, attorney's fees and enhancements, interest and any other relief the court deems equitable and just.

## COUNT II

### NJLAD – FAILURE TO REASONABLY ACCOMMODATE DISABILITY

1. Plaintiff hereby repeats and re-alleges the preceding and succeeding paragraphs as though fully set forth herein.

2. Plaintiff was disabled within the meaning of the NJLAD.

3. Plaintiff had been performing his job duties up to and exceeding the legitimate expectations of his employer and was able to perform the essential duties of his position with or without accommodation.

4. Rather than accommodate Plaintiff's disability, Defendant added an obstacle for him by changing his schedule to a shift that interfered with his medication regimen.

5. When Plaintiff tried to engage Defendant about restoring him to his original shift due to the impact the shift change had on his disability, he was initially ignored and ultimately fired.

6. When Plaintiff sought time off to tend to his disability, Defendant ultimately denied him that relief by terminating his employment for using his previously-approved time off.

7. Defendant's decision to terminate Plaintiff was motivated by, or otherwise causally connected with, Plaintiff's disability and Defendant's refusal to accommodate same.

8. Because the unlawful discrimination and termination was undertaken by members of upper management and was undertaken intentionally, egregiously, maliciously and with a willful or wanton disregard for the rights of the Plaintiff, punitive damages are appropriate.

WHEREFORE, Plaintiff demands judgment against the Defendant, Asbury Graphite Mills, Inc., together with compensatory damages, punitive damages, costs of suit, attorney's fees and enhancements, interest and any other relief the court deems equitable and just.

## COUNT III

### NJLAD – RETALIATION

1. The Plaintiff hereby repeats and re-alleges the preceding and succeeding paragraphs as though fully set forth herein.

2. Plaintiff exercised his right to request medical leave under both the FMLA and New Jersey Family Leave Act (NJFLA), and to use the leave time for which he was approved.

3. Plaintiff exercised his right to report and/or complain of discrimination on the basis of disability pursuant to New Jersey Law.

4. Plaintiff's conduct in this regard was protected under the NJLAD and public policy.

5. Defendant retaliated against Plaintiff for engaging in these protected activities: first, when Defendant altered Plaintiff's work schedule, forcing him to work a shift that was less desirable and conflicted with his disability; second, when Defendant ignored Plaintiff's requests to restore him to his original shift; and third, when Defendant terminated Plaintiff's employment while he was out on medical leave, for which he had previously been approved.

6. Defendant's stated reason for terminating Plaintiff, for taking a medical leave of absence, was retaliatory on its face.

7. The Defendant's decision to terminate Plaintiff was causally connected with, or otherwise motivated by, by Plaintiff's protected conduct.

8. Because the unlawful discrimination and/or termination was undertaken by members of upper management and was undertaken intentionally, egregiously, maliciously and with a willful or wanton disregard for the rights of the Plaintiff, punitive damages are appropriate.

WHEREFORE, Plaintiff demands judgment against Defendant, Asbury Graphite Mills, Inc, together with an award of damages in an amount to be determined at trial, including compensatory damages, punitive damages, costs of suit, attorney's fees and enhancements, interest, and any other relief the court deems equitable and just.

## COUNT IV

### FMLA – RETALIATION

1. The Plaintiff hereby repeats and re-alleges the preceding and succeeding paragraphs as though fully set forth herein.

2. Plaintiff exercised his right to request medical leave, to which he was entitled under the FMLA.

3. Plaintiff exercised his right to use his approved FMLA leave time.

4. Plaintiff's conduct was protected from retaliation, pursuant to the FMLA and public policy.

5. Defendant retaliated against Plaintiff for engaging in these protected activities: first, when Defendant altered Plaintiff's work schedule, forcing him to work a shift that was less desirable and interfered with his medication regimen; second, when Defendant ignored Plaintiff's requests to restore him to his original shift; and third, when Defendant terminated Plaintiff's employment while he was out on approved medical leave.

6. Defendant's stated reason for terminating Plaintiff, for taking a medical leave of absence, was retaliatory on its face.

7. The Defendant's decision to terminate Plaintiff was causally connected with, or otherwise motivated by, by Plaintiff's protected conduct.

8. Because the unlawful discrimination and/or termination was undertaken by members of upper management and was undertaken intentionally, egregiously, maliciously and with a willful or wanton disregard for the rights of the Plaintiffs punitive damages are appropriate.

WHEREFORE, Plaintiff demands judgment against Defendant, Asbury Graphite Mills, Inc, together with an award of damages in an amount to be determined at trial, including compensatory damages, punitive damages, costs of suit, attorney's fees and enhancements, interest, and any other relief the court deems equitable and just.

## COUNT V

### FAMILY AND MEDICAL LEAVE ACT – INTERFERENCE

1. The Plaintiff hereby repeats and re-alleges the preceding and succeeding paragraphs as though fully set forth herein.

2. Plaintiff exercised his right to request medical leave, to which he was entitled under the FMLA.

3. Plaintiff exercised his right to use his approved FMLA leave time.

4. Defendant interfered with Plaintiff's rights under the FMLA: first, by failing to restore him to his original work shift, without explanation or justification; second, by terminating Plaintiff's employment due to his use of legally-protected leave time.

5. Defendant's stated reason for terminating Plaintiff, for taking medical leave of absence, reflected a willful and wanton disregard for Plaintiff's rights under the FMLA.

6. Because the unlawful discrimination and/or termination was undertaken by members of upper management and was undertaken intentionally, egregiously, maliciously and with a willful or wanton disregard for the rights of the Plaintiffs punitive damages are appropriate.

WHEREFORE, Plaintiff demands judgment against Defendant, Asbury Graphite Mills, Inc, together with an award of damages in an amount to be determined at trial, including compensatory damages, punitive damages, costs of suit, attorney's fees and enhancements, interest, and any other relief the court deems equitable and just.

## COUNT VI

### EQUITABLE RELIEF

1. Plaintiff hereby repeats and re-alleges the preceding and succeeding paragraphs as though fully set forth herein.

2. Plaintiff requests this Court declare the practices stated herein to be a violation of NJLAD and the FMLA.

3. Plaintiff requests equitable reinstatement, with equitable back pay, equitable front pay and all benefits received by Plaintiff as a result of his employment equitably restored.

4. Plaintiff requests Defendants purge their files of any reference to Plaintiff's termination which this Court finds in violation of NJLAD.

5. Plaintiff requests any other equitable relief this Court deems reasonable and just.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a) Awarding Plaintiff damages, including equitable, punitive and compensatory damages on all lost benefits, wages and rights, such as back pay, front pay, lost earning power, as well as all commensurate pension benefits, the adverse tax consequences of a lump sum award, and other benefits with respect to Plaintiff's employment, and non-economic damages for emotional distress together with both prejudgment and post-judgment interest and attorneys' fees and costs of court for Defendant's violations of Plaintiff's rights;

b) For an Order from the Court dismissing and/or expunging all disciplinary actions or notes that might have been effectuated by Defendant against Plaintiff and might be contained in Defendant's record of Plaintiff's employment history.

c) For an Order of the court retaining jurisdiction over this action until Defendants have fully complied with the Orders of this Court, and that the Court require Defendant to file such reports as may be necessary to supervise such compliance; and

d) For such other, further, additional and different relief as this Court deems just and proper.

## DEMAND TO PRESERVE EVIDENCE

Defendants are hereby directed to preserve any and all physical, electronic and/or digital information or data pertaining in any way to Plaintiff's employment, to Plaintiff's allegations,

causes of action or defense to Plaintiff's allegations or causes of action as well as any and all evidence pertaining to any party or employee of any party, including but not limited to physical, electronic and/or digital data (electronically stored information), web pages, social media profiles, pages or identities, emails, voice messages, text messages, instant messages or messaging systems, recordings, digital recordings, media images and videos, temporary memory, memory sticks, portable memory devices, laptops or computers, CDs, DVDs, USB devices, databases, computer activity logs, internet browsing history (including cookies), network access and server activity logs, word processing files and file fragments, back-up and archival files, imaging and facsimile files, electronic calendar and scheduling program files and file fragments as well as any other contact and relationship management data (e.g., Outlook, ACT!), electronic spreadsheet files and file fragments, related to this matter. This includes a request that such information not be modified, altered or deleted as a result of data compression or disk fragmentation (or other optimizations procedures), which processes you are hereby directed to suspend until such time as that data can be preserved, copied and produced.

In terms of paper information, Defendants are directed to preserve any and all documents, whether in draft or final form, including contracts or agreements, emails, memos, handbooks (past and present), policies (past and present), employment files, pay stubs or duplicates, spreadsheets, lists, charts, reports, notes, correspondence, photographs, investigative information or other documents which pertain in any way to the controversy, parties or witnesses in this matter.

## INITIAL REQUEST FOR INSURANCE INFORMATION

Defendants are hereby requested to provide copies of any and all policies of insurance which may provide coverage for the claims and causes of action contained in this complaint.

## JURY DEMAND & TRIAL COUNSEL DESIGNATION

Plaintiff hereby demands a trial by jury. Valerie C. Shore, Esquire, of the Law Offices of Eric A. Shore, is hereby designated trial counsel.

THE LAW OFFICES OF ERIC A. SHORE

Dated: April 13, 2022          By: *Valerie C. Shore*
                                   VALERIE C. SHORE, ESQ.

LAW OFFICES OF ERIC A. SHORE
Valerie C. Shore, Esq.
Attorney ID: 208522016
20 Brace Road, Suite 325
Cherry Hill, NJ 08034
T (856) 433-6172
ValerieS@EricShore.com
Attorneys for Plaintiff, Joseph Santiago

| | |
|---|---|
| JOSEPH SANTIAGO<br><br>Plaintiff,<br><br>vs.<br><br>ASBURY GRAPHITE MILLS, INC. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>WARREN COUNTY<br><br>Docket Number<br><br>Civil Action<br><br>**RULE 4:5-1 CERTIFICATION** |

I, Valerie C. Shore, hereby certify the following:

1. I am an attorney, licensed to practice law in the State of New Jersey and am responsible for the above-captioned matter.

2. To the best of my knowledge and belief, this matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding, nor is any such proceeding contemplated at this time.

3. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

THE LAW OFFICES OF ERIC A. SHORE

Dated: April 13, 2022        By: *Valerie C. Shore*
                                 VALERIE C. SHORE, ESQ.

## VERIFICATION

I, Joseph Santiago, verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief.

I understand that false statements herein made are subject to penalty of law, relating to unsworn falsification to authorities.

04/12/2022
Date

_Joseph Santiago_ (signed)
Joseph Santiago